EL PUEBLO v. RODRIGUEZ.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 9.—Resuelto en Mayo 29, 1903.

ERRORES MANIFIESTOS.—APELACIÓN—Cuando en una causa criminal hay errores manifiestos en los autos, el Tribunal Supremo puede revisarlos sin necesidad de que se hallen consignados en un pliego de excepciones.

FALSIFICACIÓN.—Comete el delito de falsificación, el que hiciere uso de un documento falsificado, á sabiendas de que no es legítimo y con intención de perjudicar á un tercero.

Los hechos están expresados en la opinión.

Abogado del apelante : *Sr. Moreno Calderón.*

Abogado del apelado : *Sr. del Toro*, Fiscal.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la siguiente opinión del Tribunal :

La presente es un recurso de apelación, interpuesto contra sentencia dictada por el Tribunal de Distrito de San Juan, condenando al demandado á cinco años de presidio con trabajos forzados, y al pago de las costas. El demandado fué acusado del delito de falsificación, y las circunstancias de la causa fueron como sigue : Rodríguez compró á Doña Rosalía Santiago, que vivía con su yerno, José Puig, en Caguas, tabaco, cuyo valor montaba á la suma de cuatro mil cincuenta pesos veinte y siete centavos. El tabaco le fué entregado en San Juan, y cuando Puig acudió á San Juan,

No. 9.—Decided May 29, 1903.

con objeto de cobrar el dinero, el demandado, Rodriguez, le presentó una carta, firmada por Rosalía Santiago, y en la que se le ordenaba á Rodriguez, que entregara la cantidad citada al portador de dicha carta. Puig rehusó aceptar tal liquidación, y dió cuenta del asunto á la policía. En el acto del juicio resultó que la orden presentada por Rodriguez, y al parecer firmada por la Señora Santiago, era una falsificación. El demandado no dió explicación alguna en cuanto á la persona que, según él alegaba, le había presentado la orden, ó había sido el portador de la misma. Se practicó la prueba pericial, que dió por resultado la acostumbrada duda y variación de opinión, en cuanto á la legitimidad de la firma. El Tribunal, en su sentencia, declaró probados los siguientes hechos, á saber:

"Que Manuel Rodriguez Pérez contrató con Don José Puig, una cantidad de tabaco, cuyo valor ascendía á cuatro mil cincuenta dollars y veinte y siete centavos, y al acudir á esta Ciudad el vendedor, y solicitar de dicho Rodriguez el pago de dicha suma, el último le presentó una carta, firmada por Rosalía Santiago, y en la que se le ordenaba á Rodriguez, que entregara la cantidad citada al dador de la carta, alegando Rodriguez haberlo hecho así: pero de las pruebas presentadas resulta que la carta no es de la dicha Señora, que es la madre política del Sr. Puig, cuya convicción ha adquirido el Tribunal por la prueba pericial y la testifical practicada y de las mismas, que el acusado Rodriguez usó de esa carta á sabiendas de que no era legítima, ni en su firma ni en su contenido, y por medio de tal pretendida carta intentaba eludir el pago, en daño de Puig, é ilegítimamente, dícese, ilegalmente; sin que se haya podido venir en conocimiento de quien fuera el autor material de la falsedad; el Tribunal declara á Manuel Rodriguez Pérez culpable de falsificación, condenándole á cinco años de presidio, con trabajos forzados, y las costas; quedando el tabaco ocupado á la disposición de Don José Puig, su dueño".

En el acto del juicio, en el Tribunal inferior, los alegatos del abogado defensor se hicieron en el mismo estilo y orden en que se presentaron en este Tribunal, dando por resultado, según se vé por la anterior citación, la convicción del demandado, y su condenación á cinco años de presidio, con trabajos forzados. En debido tiempo se interpuso recurso de apelación, y se elevaron los autos á este Tribunal para su

driguez, and purporting to be signed by Mrs. Santiago was a forgery. No explanation was made by the defendant, in regard to the person who was alleged to have presented the order, or was the bearer of the same. Testimony of experts was introduced with the usual uncertainty and variation of opinion, as to the genuineness of the signature. The court in its judgment found the facts to be as follows; to wit:

"That Manuel Rodriguez Perez contracted with Don José Puig for a quantity of tobacco, the value of which amounted to four thousand fifty-nine *pesos* and twenty-seven *centavos*, and upon the arrival of the vendor in this city and demanding of the said Rodriguez the payment of the above mentioned sum, the latter presented a letter signed by Rosalía Santiago, in which Rodriguez was ordered to deliver the said amount to the bearer of the letter. Rodriguez alleged to have complied with the same, but from the proofs presented it appears that the letter was not from the above mentioned woman, who is the mother-in-law of Puig, of which fact the court was convinced by the expert and other testimony, and from the testimony introduced by the accused Rodriguez, and that the letter was neither genuine in contents nor signature, and that by said counterfeit letter it was attempted illigitimately and illegally to elude the payment of the debt, to the prejudice of Ruiz; it not having been possible to ascertain who was the material author of the falsification, the court declares Manuel Rodriguez Perez guilty of forgery, condemning him to five years in the penitentiary at hard labor, and the payment of the costs; the tobacco being confiscated and at the disposition of José Puig, its owner."

On the trial, in the court below, the arguments of counsel were made along the same lines as those presented in this court, resulting as appears from the above quotation in the conviction of the defendant, and his condemnation to five years in the penitentiary at hard labor.

An appeal was taken in due time, and the appeal comes up to this court for consideration and review.

On the trial held in this court, Moreno Calderón, Esq., made the point that in the first place the evidence did not show his client to be guilty, and in the second place that if he was guilty of any crime it was of swindling and not of forgery.

Article 413 of the Penal Code defines the crime of for-

revisión. En el juicio oral en este Tribunal, el Sr. Moreno Calderón pretende que, en primer lugar, la prueba no demostraba que su representado era culpable, y en segundo lugar, que si era culpable de algún delito, lo era del delito frustrado de falsa representación,· y no del de falsificación. El artículo 413 del Código Penal define el delito de falsificación, así como el de negociar un documento falsificado, como se verá por un exámen del mismo, que á la letra dice:

"Artículo 413.—Será reo de falsedad, toda persona que, con intención de defraudar á otra, falsificare, alterare, contrahiciere ó imitare cualquiera carta partida, carta patente, escritura, contrato de arrendamiento, convenio, obligación, testamento, codicilo, comprobante de pensión, bono, pacto, billete de Banco, vale, obligación, cheque, libranza, letra de cambio, contrato, pagaré, cuenta de vencimientos para el cobro de dinero ó bienes, recibo de dinero ó bienes, boleta de pasage, poder, ó cualquier certificado de acción, derecho ó interés en el capital de alguna corporación ó sociedad, ó libramiento de algún contador contra la tesorería, ú orden ó libramiento de tesorero, ó petición para el pago de dinero ó entrega de mercancías ó bienes muebles de cualquier clase, ó para la entrega de cualquierà escrritura, finiquito, descargo, ó recibo por dinero ó generos, ó cualquier finiquito, relevación ó descargo de alguna deuda, cuenta, pleito, acción, demanda, ú otra cosa inmueble ó mueble, ·ó cualquier traspaso ó transferencia de dinero, certificado de acciones, géneros, bienes muebles ó semovientes, ó cualquiera otra propiedad, ó cualquier poder ó autorización para recibir dinero, ó para recibir ó trasportar certificados de acciones ó de anualidades, ó para alquilar, arrendar, enajenar, ó traspasar mercaderías, bienes muebles ó semovientes, terrenos, tenencias, ú otra propiedad inmueble ó mueble, ó cualquiera aceptación ó endoso de letra de cambio, pagaré, libranza, órden ó traslación, cesión de bonos, ú obligación por dinero ú otra propiedad; ó que falsificare ó imitare el sello ó letra de otra persona; ó que emitiere, circularè, pasare, ó intentare pasar como genuino, cualquiera de las susodichas falsificaciones, imitaciones ó alteraciones, sabiendo que lo son, con intención de perjudicar, dañar ó defraudar á alguna persona; ó que con intención de defraudar, alterare, viciare, ó falsificare la incripción de algún testamento, codicilo, traslación de dominio, ú otro documento, cuya inscripción constituya prueba en juicio, ó el registro de la sentencia de algún Tribunal ó diligencia practi_cada por algún funcionario, en cumplimiento de mandamiento judicial."

El abogado defensor afirmó que el artículo 470 que define el delito de estafa, debía aplicarsè á los hechos de este

gery, and also of uttering a forged instrument, as will be seen by a perusal of the same, which reads as follows:

"Section 413.—Every person, who with intent to defraud another, falsely makes, alters, forges, or counterfeits any charter, letters-patent, deed, lease, indenture, writing obligatory, will, testament, codicil, annuity, bond, covenant, bank-bill, or note, post-note, check, draft, bill of exchange, contract, promissory note, due bill for the payment of money or property, receipt for money or property, passage ticket, power of attorney, or any certificate for any share, right or interest in the stock of any corporation or association, or any comptroller's warrant for the payment of money at the treasury, treasurer's or order warrant, or request for the payment of money, or the delivery of goods or chattels of any kind, or for the delivery of any instrument of writing, acquittance, release, or discharge for any debt, account, suit, action, demand, or other thing, real or personal, or any transfer or assurance of money, certificates or shares of stock, goods, chattels, or other property whatever or any letter of attorney, or other power to receive money, or to receive or transfer certificates of shares of stock or annuities, or to let, lease, dispose of, alien, or convey any goods, chattels, lands, or tenements, or other estate, real or personal, or any acceptance or indorsement of any bill of exchange, promissory note, draft, order or assignment of any bonds, writing obligatory, or promissory note for money or other property, or counterfeits or forges the seal or handwriting of another, or utters, publishes, passes or attempts to pass, as true and genuine, any of the above named false, altered, forged or counterfeited matters, as above specified and described, knowing the same to be false, altered, forged or counterfeited, with intent to prejudice, damage, or defraud any person; or who with intent to defraud, alters, corrupts, or falsifies any record of any will, codicil, conveyance, or other instrument, the record of which is by law evidence, or any record of any judgment of a court or the return of any officer to any process of any court, is guilty of forgery."

Counsel for the defendant contended that article 470 which defines the crime of swindling, should be applied to the facts of this case, but a casual perusal of this article will show that it has no application to such facts. It reads as follows:

"Section 470.—Every person who knowingly and designedly, by false or fraudulent representation or pretenses, defrauds any other person of money or property, or who causes or procures others to report falsely of his wealth or mercantile character, and by thus imposing upon any person obtains credit, and thereby fraudulently gets into possession of money or property, is

caso, pero por una lectura de este artículo, se verá que no
tiene aplicación á tales hechos.　A la letra dice así :

"Artículo 470.—Toda persona que á sabiendas é intencionalmente, valién-
dose de falsas y fraudulentas simulaciones, defraudare dinero ó bienes á otra
persona, ó que hiciere ó consiguiere que otros diesen informes falsos respecto
á su posición financiera ó reputación mercantil, y engañando de este modo á
alguna persona, consiguiere crédito por el cual se hiciere fraudulentamente
de dinero ó bienes, incurrirá en la pena señalada para el hurto de la cantidad
de dinero ó bienes así obtenida".

El abogado defensor también hace referencia al artículo
430 que trata de hurto de mayor cuantía, y no se puede
aplicar al caso.　Hay otros puntos alegados por el abogado
defensor, en su alegato presentado en esta causa, pero no es
necesario presentarlos detalladamente.　El Fiscal de este
Tribunal impugna este recurso, citando los hechos probados
en el juicio, y consignando que los autos no contienen de-
claración de excepciones.　También alega que los hechos
probados, en el acto del juicio, en el Tribunal inferior, cons-
tituyen el delito de falsificación ; y aunque es cierto que el
Tribunal declaró que no podía venirse en conocimiento de
quien fuera el autor material de la carta, declara también
que la carta no era de Doña Rosalía Santiago, estando falsi-
ficada su firma, y que el acusado usó de dicha carta, á sa-
biendas de que no era legítima, ni en su firma, ni en su con-
tenido, y con la dañada intención de defraudar su fiador.
En cuanto á la falta de la declaración de excepciones en
esta causa, no se presenta en los autos ninguna cuestión que
la haga necesaria, como se verá por la lectura de las seccio-
nes 294, 296 y 297 de la Ley de Enjuiciamiento Criminal.
El error, si es que el Tribunal sentenciador ha cometido
alguno, consta claramente en los autos, consistiendo, como
se alega por el abogado defensor, en haber declarado culpa-
ble al demandado de un delito, cuando los hechos demues-
tran que era culpable,—si es que lo era,—de otro.　Los he-
chos demuestran claramente que se ha cometido el delito, é
indican con bastante seguridad, que el acusado fué el autor.

punishable in the same manner and to the same extent as for larceny of the money or property so obtained."

Counsel also refers to article 430, which treats of grand larceny, but said article does not apply to this case. Other points are made by counsel, in his brief filed herein, but it is not necessary to introduce them in detail.

The Fiscal of this court opposes this appeal, reciting the facts proven on the trial, and pointing out that there is no bill of exceptions contained in the record. He also contends that the facts proven on the trial, in the court below, constitute the crime of forgery, and that although the court which tried the case declares that it has not been possible to ascertain who was the real author of the order, it declares that the same was not the act of Mrs. Santiago, the signature being a counterfeit and that the accused used the same, knowing that it was a counterfeit and not genuine in any respect, with the intention of defrauding his creditor.

In regard to the absence of a bill of exceptions in this case, there is no question presented in the record rendering a bill of exceptions necessary, as will be seen by sections 294, 296, and 297 of the Code of Criminal Procedure. The error, if any, committed by the court below, is apparent on the record as it stands, consisting, as it is alleged to do by defendant's counsel, in convicting the defendant of one crime, when the facts show that he was guilty, if at all, of another. The facts plainly show the crime to have been committed, and designate with sufficient certainty the defendant as the author. If he did not himself forge the instrument, that is to say, if he was not the material author of the crime of actual forgery, he committed the equivalent crime of presenting the forged paper with the knowledge of its falsity, for the purpose of avoding the payment of a just debt. He proposed to reap the benefit of a crime which he or some other person committed, and is therefore guilty under article 431 of the Penal Code, which punishes the

Si él mismo no falsificó el documento, es decir, si él no es el autor material del delito de falsificación, cometió el delito equivalente, de presentar el documento falsificado, á sabiendas de que no era legítimo, con el objeto de eludir el pago de una deuda justa. Él se propuso sacar partido de un delito que él ú otra persona cometió, y es por lo tanto culpable, bajo el artículo 413 del Código Penal, que castiga dicho delito con presidio desde uno á catorce años. No hay, por lo tanto, error en la sentencia dictada por el Tribunal sentenciador, ni motivo por el cual debe modificarse la sentencia, ni aparecen tampoco circunstancias atenuantes en los autos; por lo tanto debe afirmarse y hacerse cumplir la sentencia dictada por el Tribunal de Distrito. De consiguiente, la sentencia de este Tribunal se dictará conforme á lo anteriormente expuesto.

*Confirmada.*

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociados, Hernández, Figueras y Sulzbacher.